# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50397
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PHILLIP LARRY KOSS, also known as Larry Phillip Koss,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-44-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Phillip Larry Koss was convicted by a jury of conspiracy to possess with intent to distribute in excess of 50 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). He was sentenced within the guidelines range to 84 months of imprisonment and three years of supervised release.

Koss raises two issues on appeal. He argues that the evidence was insufficient to support his conviction because there was no direct proof that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntarily agreed to participate in the drug conspiracy. Additionally, he argues that the district court procedurally erred by failing to explain why it imposed a two-level adjustment, as opposed to a four-level adjustment, based on his role in the offense.

Ordinarily, we review sufficiency of the evidence by considering "whether a rational jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). However, because Koss did not preserve his sufficiency challenge, our review is for plain error only. *See United States v. Davis*, 690 F.3d 330, 336 and n.6 (5th Cir. 2012). Under plain error review, we will reverse for insufficient evidence only if there is a "manifest miscarriage of justice," meaning that "the record is *devoid of evidence* pointing to guilt or . . . the evidence is so tenuous that a conviction is shocking." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted).

We find no manifest miscarriage of justice in this case. *Id.* Considering the evidence "in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices," *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007) (internal quotation marks and citation omitted), there was sufficient evidence for a reasonable factfinder to conclude that Koss knowingly participated in furthering the objectives of the conspiracy by providing, inter alia, financial assistance to his family's marijuana distribution scheme, *see United States v. Wallace*, 759 F.3d 486, 491 (5th Cir. 2014).[1]

---

[1] Koss also argues that he cannot be guilty because the evidence supporting guilt is equal to the evidence negating guilt. This argument is meritless as it rests upon the since-abandoned "equipoise rule." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301-02 (5th Cir.)(en banc)(rejecting the "equipoise rule"), *cert. denied*, 135 S. Ct. 170 (2014).

No. 15-50397

As for Koss's challenge to his sentence, it is unavailing; the district court did not commit procedural error.  Not only is the district court's refusal to grant a reduction for minimal participant status entitled to great deference, *United States v. Devine*, 934 F.2d 1325, 1340 (5th Cir. 1991), but also Koss has failed to show by a preponderance of the evidence that he lacked an understanding of the structure of the enterprise and the activities of others in the enterprise, such that a four-level, minimal participant would have applied, *see United States v. Fernandez*, 770 F.3d 340, 344 (5th Cir. 2014); U.S.S.G. § 3B1.2, comment. (n.4).  Moreover, Koss requested a two-level, minor role adjustment as an alternative to a four-level, minimal participant adjustment.  Thus, he received the relief he requested.

The judgment of the district court is AFFIRMED.